IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **DEMAND FOR JURY TRIAL** |
| ALADDIN KNOWLEDGE SYSTEMS, INC., a corporation; ALADDIN KNOWLEDGE SYSTEMS LTD., a corporation and DOES 1 THROUGH 100, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Finjan Software, Ltd. ("Plaintiff" or "Finjan") alleges as follows:

### THE PARTIES

1. Plaintiff Finjan is a corporation organized and existing under the laws of Israel, with its principal place of business at Hamachshev St. 1, New Industrial Area, Netanya, 42504, Israel.

2. On information and belief, Defendant Aladdin Knowledge Systems, Inc. ("Aladdin USA") is a corporation organized and existing under the laws of New York, with its corporate headquarters at 601 Campus Drive, Arlington Heights, Illinois 60004.

3. On information and belief, Defendant Aladdin Knowledge Systems Ltd. ("Aladdin Israel") is a corporation organized and existing under the law of Israel, with its corporate headquarters at 35 Efal St., Kiryat Arye, Petach Tikva, Israel 49511.

4. On information and belief, Aladdin USA is a wholly owned subsidiary of Aladdin Israel.

## JURISDICTION AND VENUE

5. This action arises under the Patent Act, 35 U.S.C. § 271 *et seq.* This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (b) and (c) and/or 28 U.S.C. § 1400(b). Personal jurisdiction over Aladdin USA and Aladdin Israel (collectively "Defendants") comports with the United States Constitution and § 3104 of the Delaware Code because on information and belief Defendants do business in this district and have availed themselves of this Court in previous litigations. Further, Defendants have and continue to infringe, contributorily infringe and/or induce the infringement of United States Patent No. 6,092,194, United States Patent No. 6,804,780, and United States Patent No. 6,965,968 in this district.

## PLAINTIFF'S PATENTS

7. On July 18, 2000, United States Patent No. 6,092,194 ("the '194 Patent"), entitled SYSTEM AND METHOD FOR PROTECTING A COMPUTER AND A NETWORK FROM HOSTILE DOWNLOADABLES, was issued to Shlomo Touboul. Finjan was assigned all ownership rights to the '194 Patent. A true and correct copy of the '194 Patent is attached to this complaint as Exhibit A and is incorporated by reference herein.

8. On October 12, 2004, United States Patent No. 6,804,780 ("the '780 Patent"), entitled SYSTEM AND METHOD FOR PROTECTING A COMPUTER AND A NETWORK FROM HOSTILE DOWNLOADABLES, was issued to Shlomo Touboul. Finjan was assigned all

ownership rights to the '780 Patent. A true and correct copy of the '780 Patent is attached to this complaint as Exhibit B and is incorporated by reference herein.

9. On November 15, 2005, United States Patent No. 6,965,968 ("the '968 Patent"), entitled "POLICY BASED-CACHING," was issued to Shlomo Touboul. Finjan was assigned all ownership rights to the '968 Patent. A true and correct copy of the '968 Patent is attached to this complaint as Exhibit C and is incorporated by reference herein.

10. The '194, '780 and '968 Patents are generally directed to systems and methods for providing network security and content filtering.

## PATENT INFRINGEMENT

11. On information and belief, Defendants are in the business of distributing network and systems security solutions to organizations. Defendants have and continue to infringe the '194, '780 and '968 Patents by making, using, selling, offering for sale, importing, distributing, advertising and marketing products, including but not limited to the eSafe product, that infringe the '194, '780 and '968 Patents.

## FIRST CAUSE OF ACTION
### (Infringement of the '194 Patent)

12. Finjan realleges each and every allegation set forth in Paragraphs 1 through 11, inclusive, and incorporates them herein by reference.

13. A reasonable opportunity for further investigation or discovery will show that Defendants have been and continue to infringe, contributorily infringe, and/or induce the infringement of the '194 Patent by making, using, importing, selling and/or offering to sell products which infringe the '194 Patent, including but not limited to the eSafe product, and will continue to do so until enjoined by this Court.

14. A reasonable opportunity for further investigation or discovery will show that Defendants' infringement of the '194 Patent has been and continues to be willful and deliberate.

15. A reasonable opportunity for further investigation or discovery will show that Defendants' infringement of the '194 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Infringement of the '780 Patent)

16. Finjan realleges each and every allegation set forth in Paragraphs 1 through 15, inclusive, and incorporates them herein by reference.

17. A reasonable opportunity for further investigation or discovery will show that Defendants have been and continue to infringe, contributorily infringe, and/or induce the infringement of the '780 Patent by making, using, importing, selling and/or offering to sell products which infringe the '780 Patent, including but not limited to the eSafe product, and will continue to do so until enjoined by this Court.

18. A reasonable opportunity for further investigation or discovery will show that Defendants' infringement of the '780 Patent has been and continues to be willful and deliberate.

19. A reasonable opportunity for further investigation or discovery will show that Defendants' infringement of the '780 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Infringement of the '968 Patent)

20. Finjan realleges each and every allegation set forth in Paragraphs 1 through 19, inclusive, and incorporates them herein by reference.

21. A reasonable opportunity for further investigation or discovery will show that Defendants have been and continue to infringe, contributorily infringe, and/or induce the infringement of the '968 Patent by making, using, importing, selling and/or offering to sell products which infringe the '968 Patent, including but not limited to the eSafe product, and will continue to do so until enjoined by this Court.

22. A reasonable opportunity for further investigation or discovery will show that Defendants' infringement of the '968 Patent has been and continues to be willful and deliberate.

23. A reasonable opportunity for further investigation or discovery will show that Defendants' infringement of the '968 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Finjan prays that the Court grant the following relief and judgment:

A.  A preliminary and permanent injunction against Defendants and their respective officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '194, '780 and '968 Patents, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

B.  An award to Finjan of such damages as it shall prove at trial against Defendants, that are adequate to fully compensate it for their infringement of the '194, '780 and '968 Patents, said damages to be no less than a reasonable royalty and/or lost profits;

C.  An award to Finjan for willful infringement against Defendants of three times the damages so determined, as provided by 35 U.S.C. §284, together with prejudgment interest from the date infringement of the '194, '780 and '968 Patents began;

D.   A finding that this case is "exceptional" and an award to Finjan of its costs and reasonable attorney's fees, as provided by 35 U.S.C. § 285;

E.   An accounting of all infringing sales;

F.   Such further and other relief as the Court and/or jury may deem proper and just.

### **DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Finjan demands a trial by jury on all issues triable by a jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. André
King & Spalding LLP
1000 Bridge Parkway
Redwood City, CA 94065
(650) 590-0700

Dated: May 21, 2008
865718

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Finjan Software, Ltd.*

6