IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, <br><br> Plaintiff, <br><br> v. <br><br> ALADDIN KNOWLEDGE SYSTEMS, INC., a corporation; ALADDIN KNOWLEDGE SYSTEMS, LTD., a corporation; and DOES 1 THROUGH 100, <br><br> Defendants. | ) ) ) ) ) ) ) ) C. A. No. 08-300-GMS ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) |

## ANSWER AND COUNTERCLAIMS

Defendant Aladdin Knowledge Systems, Inc. ("Aladdin USA") by and through its undersigned counsel, answers the Complaint for Patent Infringement ("Complaint") of Finjan Software, Ltd. ("Finjan") as follows:

### I. ANSWER

1. Aladdin USA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. Aladdin USA admits that it is a corporation organized and existing under the laws of the State of New York, having its corporate headquarters at 601 Campus Drive, Chicago, Illinois 60004.

3. Aladdin USA admits that Defendant Aladdin Knowledge Systems, Ltd. ("Aladdin Israel") is a corporation organized and existing under the laws of the state of Israel, with its corporate headquarters at 35 Efal St., Kiryat Arye, Petach Tikva, Israel 49511.

4. Aladdin USA admits that it is a wholly owned subsidiary of Aladdin Israel.

## JURISDICTION AND VENUE

5.     Aladdin USA admits that Finjan purports to allege an action arising under the patent laws of the United States, and also purports to allege that this Court has jurisdiction under the cited statute as pled in paragraph 5.

6.     Aladdin USA admits that venue in this judicial district is proper under 28 U.S.C. §§1391 (b) and (c) and/or 28 U.S.C. § 1400(b). Aladdin USA admits that personal jurisdiction over it is proper in this Court. Aladdin USA denies the remaining allegations in pled in paragraph 6.

## PLAINTIFF'S PATENTS

7.     Aladdin USA admits that United States Patent No. 6,092,194 ("the '194 patent") entitled "System and Method for Protecting a Computer and a Network From Hostile Downloadables," on its face states that it was issued to Shlomo Touboul, and that a copy of what appears to be the '194 patent is attached to the Complaint as Exhibit A. Aladdin USA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 of the Complaint and therefore denies them.

8.     Aladdin USA admits that United States Patent No. 6,804,780 ("the '780 patent") entitled "System and Method for Protecting a Computer and a Network From Hostile Downloadables," on its face states that it was issued to Shlomo Touboul, and that a copy of what appears to be the '780 patent is attached to the Complaint as Exhibit A. Aladdin USA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 of the Complaint and therefore denies them.

9.     Aladdin USA admits that United States Patent No. 6,965,968 ("the '968 patent") entitled "Policy Based-Caching," on its face states that it was issued to Shlomo Touboul, and that a copy of what appears to be the '968 patent is attached to the Complaint as Exhibit A. Aladdin USA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 of the Complaint and therefore denies them.

10. Aladdin USA admits that the '194, '780, and '968 patents state that they are generally directed to systems and methods for providing security and content filtering.

## PATENT INFRINGEMENT

11. Aladdin USA admits that it and Aladdin Israel are in the business of distributing network systems and security solutions to organizations. Aladdin denies the remaining allegations in paragraph 11.

## FIRST CAUSE OF ACTION
(Infringement of the '194 Patent)

12. Aladdin USA incorporates by reference each response to paragraphs 1 through 11 of the Complaint, set forth in paragraphs 1 through 11, above, and incorporates them herein by reference.

13. Aladdin USA denies the allegations in paragraph 13 of the Complaint.

14. Aladdin USA denies the allegations in paragraph 14 of the Complaint.

15. Aladdin USA denies the allegations in paragraph 15 of the Complaint.

## SECOND CAUSE OF ACTION
(Infringement of the '780 Patent)

16. Aladdin USA incorporates by reference each response to paragraphs 1 through 15 of the Complaint, set forth in paragraphs 1 through 15, above, and incorporates them herein by reference.

17. Aladdin USA denies the allegations in paragraph 17 of the Complaint.

18. Aladdin USA denies the allegations in paragraph 18 of the Complaint.

19. Aladdin USA denies the allegations in paragraph 19 of the Complaint.

## THIRD CAUSE OF ACTION
(Infringement of the '968 Patent)

20. Aladdin USA incorporates by reference each response to paragraphs 1 through 19 of the Complaint, set forth in paragraphs 1 through 11, above, and incorporates them herein by reference.

21. Aladdin USA denies the allegations in paragraph 21 of the Complaint.

22.    Aladdin USA denies the allegations in paragraph 22 of the Complaint.

23.    Aladdin USA denies the allegations in paragraph 23 of the Complaint.

### PRAYER FOR RELIEF

24.    Aladdin USA denies that Finjan is entitled to the relief it seeks or any relief at all from Aladdin.

### II. AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Aladdin USA alleges as follows:

### FIRST AFFIRMATIVE DEFENSE:
### FAILURE TO STATE A CLAIM

25.    Finjan's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:
### NON-INFRINGEMENT

26.    Aladdin USA does not and has not infringed, and currently does not infringe, the '194, '780, '968 patents directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

### THIRD AFFIRMATIVE DEFENSE:
### INVALIDITY

27.    The claims of the '194, '780, and '968 patents are invalid for failure to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### FOURTH AFFIRMATIVE DEFENSE:
### EQUITABLE ESTOPPEL

28.    Aladdin USA is informed and believes, and thereon alleges, that the relief sought by Finjan is barred, in whole or in part, under the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE:
## PROSECUTION HISTORY ESTOPPEL

29. Aladdin USA is informed and believes, and thereon alleges, that the relief sought by Finjan is barred under the doctrine of prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE:
## DEDICATION OF THE '194, '780, AND '968 PATENTS

30. Aladdin USA is informed and believes, and thereon alleges, that the relief sought by Finjan is barred because all embodiments not literally claimed in the '194, '780, and '968 patents were dedicated to the public.

## III. COUNTERCLAIMS

1. Aladdin USA counterclaims against Finjan pursuant to the patent laws of the United States in Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States in 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

## PARTIES

2. Aladdin USA is a corporation organized and existing under the laws of the State of New York, having its corporate headquarters at 601 Campus Drive, Chicago, Illinois 60004.

3. Upon information and belief, Finjan is a corporation organized and existing under the laws of Israel with its principal place of business at Hamachshev St. 1, New Industrial Area, Netanya, 42504, Israel.

## JURISDICTION & VENUE

4. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the following declaratory judgment provisions, 28 U.S.C. §§ 2201 and 2202.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5

6.  This Court has personal jurisdiction over Finjan because Finjan established and maintains the requisite minimum contacts with the forum, because the Court's exercise of jurisdiction over Finjan would not offend traditional notions of fair play and substantial justice, and because Finjan subjected itself to the jurisdiction by filing suit in this Court.

7.  Venue arises under 28 U.S.C. §§ 1391(b) and 1400(b).

## EXISTENCE OF AN ACTUAL CONTROVERSY

8.  By virtue of the allegations of Finjan's Complaint in this action and Aladdin USA's Answer thereto, an actual controversy exists between Aladdin USA and Finjan as to whether the '194, '780, and '968 patents are invalid, unenforceable and/or not infringed

## COUNT ONE

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

9.  Aladdin incorporates the allegations of paragraphs 1-8 above as if fully set forth herein.

10. Finjan claims to be the owner by assignment of all legal rights, title and interest in the '194, '780, and '968 patents.

11. Finjan asserts that Aladdin USA infringes the '194, '780, and '968 patents. Aladdin USA denies these allegations.

12. Aladdin USA is not infringing and has not infringed any valid claim of the '194, '780, and '968 patents, and Finjan is entitled to no relief for any claim in the Complaint.

13. Aladdin USA seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that it does not infringe the '194, '780, and '968 patents.

## COUNT TWO

## DECLARATORY JUDGMENT OF INVALIDITY

14. Aladdin USA incorporates the allegations of paragraphs 1 through 13 above as if fully set forth herein.

15. Finjan, by its Complaint, contends that the '194, '780, and '968 patents are valid and infringed by Aladdin USA.

RLF1-3304629-1

16. Each and every claim of the '194, '780, and '968 patents are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and/or 112.

17. Aladdin USA seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the '194, '780, and '968 patents are invalid for failure to satisfy one or more conditions of patentability specified under United States patent law, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

## DEMAND FOR A JURY TRIAL

18. In accordance with Fed. R. Civ. P. 38, Aladdin USA demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant Aladdin USA prays as follows:

a. Enter judgment against Finjan and in favor of Aladdin USA on each of the claims set forth in the Complaint filed by Finjan;

b. Dismiss the Complaint with prejudice;

c. Find and declare that the '194, '780, and '968 patents are not infringed by Aladdin USA;

d. Find and declare that each of the claims of the '194, '780, and '968 patents are invalid and/or unenforceable;

e. Find that this is an exceptional case and award Aladdin USA its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

f. Grant Aladdin USA such other and further relief as the Court shall deem just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br>Claude M. Stern, Esq.<br>Evette D. Pennypacker, Esq.<br>Quinn, Emanuel, Urquhart, Oliver<br>   & Hedges LLP<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, California 94065<br>(650) 801-5000<br><br>Joshua Furman, Esq.<br>Quinn, Emanuel, Urquhart, Oliver<br>   & Hedges LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>(212) 849-7000<br><br>Dated: July 21, 2008 | /s/ Anne Shea Gaza<br>Jeffrey L. Moyer (#3309)<br>moyer@rlf.com<br>Anne Shea Gaza (#4093)<br>gaza@rlf.com<br>Richards, Layton & Finger<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br><br>*Attorneys for Defendant*<br>*Aladdin Knowledge Systems, Inc.* |

RLF1-3304629-1

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2008, I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Philip A. Rovner
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899

I hereby certify that on July 21, 2008, I sent by Federal Express and electronic mail the foregoing document to the following non-registered participants:

Paul J. André
King & Spalding LLP
1000 Bridge Parkway
Redwood City, CA 94065

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
gaza@rlf.com

RLF1-3304642-1