IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FINJAN SOFTWARE, LTD., an Israel corporation, | ) )  ) ) |
| Plaintiff, | ) ) |
| v. | ) C. A. No. 08-300-GMS ) |
| ALADDIN KNOWLEDGE SYSTEMS, INC., a corporation; ALADDIN KNOWLEDGE SYSTEMS, LTD., a corporation; and DOES 1 THROUGH 100, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) |
| Defendants. | ) |

## ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendant Aladdin Knowledge Systems, Ltd. ("Aladdin Israel") by and through its undersigned counsel, answers the Complaint for Patent Infringement ("Complaint") of Finjan Software, Ltd. ("Finjan") as follows:

### I. ANSWER

1. Aladdin Israel is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. Aladdin Israel admits that Aladdin Knowledge Systems, Inc. ("Aladdin USA") is a corporation organized and existing under the laws of the State of New York, having its corporate headquarters at 601 Campus Drive, Chicago, Illinois 60004.

3. Aladdin Israel admits that Defendant it is a corporation organized and existing under the laws of the state of Israel, with its corporate headquarters at 35 Efal St., Kiryat Arye, Petach Tikva, Israel 49511.

4. Aladdin Israel admits that Aladdin USA is a wholly owned subsidiary of Aladdin Israel.

## JURISDICTION AND VENUE

5. Aladdin Israel admits that Finjan purports to allege an action arising under the patent laws of the United States, and also purports to allege that this Court has jurisdiction under the cited statute as pled in paragraph 5.

6. Aladdin Israel denies the allegations in paragraph 6.

## PLAINTIFF'S PATENTS

7. Aladdin Israel admits that United States Patent No. 6,092,194 ("the '194 patent") entitled "System and Method for Protecting a Computer and a Network From Hostile Downloadables," on its face states that it was issued to Shlomo Touboul, and that a copy of what appears to be the '194 patent is attached to the Complaint as Exhibit A. Aladdin Israel is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 of the Complaint and therefore denies them.

8. Aladdin Israel admits that United States Patent No. 6,804,780 ("the '780 patent") entitled "System and Method for Protecting a Computer and a Network From Hostile Downloadables," on its face states that it was issued to Shlomo Touboul, and that a copy of what appears to be the '780 patent is attached to the Complaint as Exhibit A. Aladdin Israel is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 of the Complaint and therefore denies them.

9. Aladdin Israel admits that United States Patent No. 6,965,968 ("the '968 patent") entitled "Policy Based-Caching," on its face states that it was issued to Shlomo Touboul, and that a copy of what appears to be the '968 patent is attached to the Complaint as Exhibit A. Aladdin Israel is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 of the Complaint and therefore denies them.

10. Aladdin Israel admits that the '194, '780, and '968 patents state that they are generally directed to systems and methods for providing security and content filtering.

## PATENT INFRINGEMENT

11.  Aladdin Israel admits that it and Aladdin USA are in the business of distributing network systems and security solutions to organizations. Aladdin Israel denies the remaining allegations in paragraph 11.

### FIRST CAUSE OF ACTION
### (Infringement of the '194 Patent)

12.  Aladdin Israel incorporates by reference each response to paragraphs 1 through 11 of the Complaint, set forth in paragraphs 1 through 11, above, and incorporates them herein by reference.

13.  Aladdin Israel denies the allegations in paragraph 13 of the Complaint.

14.  Aladdin Israel denies the allegations in paragraph 14 of the Complaint.

15.  Aladdin Israel denies the allegations in paragraph 15 of the Complaint.

### SECOND CAUSE OF ACTION
### (Infringement of the '780 Patent)

16.  Aladdin Israel incorporates by reference each response to paragraphs 1 through 15 of the Complaint, set forth in paragraphs 1 through 15, above, and incorporates them herein by reference.

17.  Aladdin Israel denies the allegations in paragraph 17 of the Complaint.

18.  Aladdin Israel denies the allegations in paragraph 18 of the Complaint.

19.  Aladdin Israel denies the allegations in paragraph 19 of the Complaint.

### THIRD CAUSE OF ACTION
### (Infringement of the '968 Patent)

20.  Aladdin Israel incorporates by reference each response to paragraphs 1 through 19 of the Complaint, set forth in paragraphs 1 through 11, above, and incorporates them herein by reference.

21.  Aladdin Israel denies the allegations in paragraph 21 of the Complaint.

22.  Aladdin Israel denies the allegations in paragraph 22 of the Complaint.

23.  Aladdin Israel denies the allegations in paragraph 23 of the Complaint.

## PRAYER FOR RELIEF

24. Aladdin Israel denies that Finjan is entitled to the relief it seeks or any relief at all from Aladdin Israel.

## II. AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Aladdin Israel alleges as follows:

### FIRST AFFIRMATIVE DEFENSE:
### LACK OF PERSONAL JURISDICTION

25. This Court lacks personal jurisdiction over Aladdin Israel.

### SECOND AFFIRMATIVE DEFENSE:
### IMPROPER VENUE

26. Venue is improper as to Aladdin Israel in this judicial district.

### THIRD AFFIRMATIVE DEFENSE:
### FAILURE TO STATE A CLAIM

27. Finjan's Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE:
### NON-INFRINGEMENT

28. Aladdin Israel does not and has not infringed, and currently does not infringe, the '194, '780, '968 patents directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

### FIFTH AFFIRMATIVE DEFENSE:
### INVALIDITY

29. The claims of the '194, '780, and '968 patents are invalid for failure to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### SIXTH AFFIRMATIVE DEFENSE:
### EQUITABLE ESTOPPEL

30. Aladdin Israel is informed and believes, and thereon alleges, that the relief sought by Finjan is barred, in whole or in part, under the doctrine of equitable estoppel.

RLF1-3308795-1

## SEVENTH AFFIRMATIVE DEFENSE:
## PROSECUTION HISTORY ESTOPPEL

31. Aladdin Israel is informed and believes, and thereon alleges, that the relief sought by Finjan is barred under the doctrine of prosecution history estoppel.

## EIGHTH AFFIRMATIVE DEFENSE:
## DEDICATION OF THE '194, '780, AND '968 PATENTS

32. Aladdin Israel is informed and believes, and thereon alleges, that the relief sought by Finjan is barred because all embodiments not literally claimed in the '194, '780, and '968 patents were dedicated to the public.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38, Aladdin Israel demands a trial by jury on all issues so triable.

OF COUNSEL:
Claude M. Stern
Evette D. Pennypacker
Quinn, Emanuel, Urquhart, Oliver
    & Hedges LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5000

Joshua Furman
Quinn, Emanuel, Urquhart, Oliver
    & Hedges LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Dated: August 4, 2008

/s/ Anne Shea Gaza
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Philip A. Rovner
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE  19899

I hereby certify that on August 4, 2008, I sent by Federal Express and electronic mail the foregoing document to the following non-registered participants:

Paul J. André
King & Spalding LLP
1000 Bridge Parkway
Redwood City, CA  94065

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
gaza@rlf.com